UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KOA DANNETTE MACK,  :
                    :
        Petitioner, :
                    :           PRISONER
v.                  :    No. 3:10CV688 (MRK)
                    :
UNITED STATES OF AMERICA, :
                    :
        Respondent. :

# RULING AND ORDER

Petitioner Koa Dannette Mack, proceeding *pro se* and *in forma pauperis*, is currently incarcerated at the Federal Correctional Institution at Danbury, Connecticut. Ms. Mack has filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, ostensibly to challenge the constitutionality of her arrest, conviction and sentence for possession of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c). *See* Pet. [doc. # 2]; Mem. in Supp. of Pet. [doc. # 3]. Respondent, the United States of America, has moved to dismiss the Petition, arguing that the proper procedural vehicle for challenging a sentence is a petition brought pursuant to 28 U.S.C. § 2255, which must be filed in the District Court in which the sentence was originally imposed. *See* Resp. to Order to Show Cause ("Response") [doc. # 6]. Since Ms. Mack was sentenced in the Western District of Virginia, the Respondent concludes, Ms. Mack must file a § 2255 petition in that District, and this Court is without jurisdiction to hear her current Petition.[1] *See id.* The Court agrees.

---

[1] Respondent also argues that Ms. Mack's Petition is untimely under 28 U.S.C. § 2255(f)(1) and that it is precluded by the fact that Ms. Mack waived her right to collaterally attack her sentence as part of her plea agreement, *see* Mack Plea Agreement, Ex. A to Resp. [doc. # 6], as the District Court for the Western District of Virginia already found after considering this identical petition from Ms.

1

Ordinarily, prisoners seeking to challenge the constitutionality of their sentences must file a habeas petition under § 2255, "which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In fact, paragraph (e) of § 2255 states that "a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced [her], or that such court has denied [her] relief." 28 U.S.C. § 2255(e). Thus, "as a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States." *Jiminian v. Nash*, 245 F.3d 144, 147 (2d Cir. 2001).

There are two general exceptions to this rule, both of which permit federal prisoners to file habeas petitions under § 2241. Most commonly, § 2241 petitions are used to challenge "the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian*, 245 F.3d at 146 (emphasis added); *see also Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997). This exception is clearly not available to Ms. Mack, as she seeks to challenge not the execution of her sentence, but the manner in which she was arrested and interrogated prior to pleading guilty. *See* Pet. [doc. # 2]; Mem. in Supp. of Pet. [doc. # 3].

The other exception to the rule that federal prisoners must file habeas petitions under § 2255 in the sentencing court is the so-called "savings clause" of § 2255, which permits a court other than

---

Mack, *see* Mem. Opinion, *Mack v. Bassford*, No. 10CV104 (W.D. Vir. Mar. 10, 2010), attached as Ex. B to Resp. [doc. # 6]. Since the Court agrees that it lacks jurisdiction to hear Ms. Mack's current Petition, it need not, and does not, reach these issues.

the sentencing court to consider a habeas petition if it "appears that the remedy by motion [to the sentencing court] is inadequate or ineffective to test the legality of the decision." 28 U.S.C. § 2255(e). The Second Circuit has explained that this provision is intended for situations where "the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377. To date, the Second Circuit has found only one set of circumstances that meets this test: "cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claims of innocence at an earlier time.'" *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (quoting *Triestman*, 124 F.3d at 363). This exception also appears unavailable to Ms. Mack, as she has not argued or alleged that a petition to the sentencing court would be inadequate or ineffective, or that she is factually innocent of the crime for which she is incarcerated. *See* Pet. [doc. # 2]; Mem. in Supp. of Pet. [doc. # 3]. Instead, as mentioned, she argues in her Petition that the evidence of her guilt was illegally obtained, *see id.*, and she did not respond to the Respondent's arguments despite being given the opportunity to do so, *see* Notice [doc. # 7].

In sum, Ms. Mack has presented the Court with a habeas petition challenging the constitutionality of her sentence. *See* Pet. [doc. # 2]; Mem. in Supp. of Pet. [doc. # 3]. In such a situation, courts may either "dismiss the habeas petition for lack of jurisdiction or recast it as a § 2255 motion." *Cephas*, 328 F.3d at 104. In Ms. Mack's case, however, this Court cannot recast her Petition as one filed under § 2255, as this Court did not sentence Ms. Mack and she has not alleged or argued any exception to the general rule dictating that her Petition be filed in the sentencing court. *See* 28 U.S.C. § 2255(e); *Cephas*, 328 F.3d at 104; *Jiminian*, 245 F.3d at 147; *Triestman*, 124 F.3d at 373. Therefore, this Court lacks jurisdiction, and Ms. Mack's Petition [doc.

# 2] is DISMISSED, but without prejudice to her filing a petition in the sentencing court, the District Court for the Western District of Virginia. *See Cephas*, 328 F.3d at 104 n.5. **The Clerk shall enter judgment and close this case.**

                                            IT IS SO ORDERED.

                                   /s/  Mark R. Kravitz
                                        United States District Judge

**Dated at New Haven, Connecticut: August 9, 2010.**